# Respublica *against* Jesse Cleaver, John Clemens, Adam Deshler and Philip Messinger.

Qr. Whether stealing one promissory note is not within the act of assembly of 5th April 1790, § 5?
It is discretionary with the court, whether they will quash any indictment, but they will not do it, unless in a clear case.
They will not quash an indictment for larceny, in stealing one promissory note.

INDICTMENT for larceny in stealing a promissory note from Philip Messinger to Jesse Cleaver (two of the defendants) for 175l., and assigned to Henry Abel.

The defendants' counsel, before any pleas being entered, moved in the sessions to quash the indictment, and the opinion of Mr. President RUSH was in favor of the motion, but the associate judges thought differently. The prosecutor for the commonwealth, having removed the indictment into the Circuit Court, the motion to quash it was again resumed.

It was insisted that nothing could be more clear than that choses in action were not subjects of larceny at common law, not having any intrinsic value in themselves. 1 Haw. c. 33, § 22. The law in England, in this particular, is altered by stat. 2 Geo. 2, c. 25, § 3. 5 Ruff. Stat. 699. This act was passed in 1729.

The act " for amending the penal laws of this state," passed

4 YEATES—5

on the 15th September 1786, § 7 (Loose Acts, 131), introduced a provision of a similar nature into our criminal code. But this being repealed by the act "to reform the penal laws of this "state," passed on the 5th April 1790 (2 St. Laws, 804), it was enacted by the 5th section thereof, "that robbery or larceny of "obligations or bonds, bills obligatory, bills of exchange, prom- "issory notes for the payment of money, lottery tickets, paper "bills of credit, certificates granted by or under the authority "of this commonwealth, or of all or any of the United States "of America, shall be punished in the same manner as robbery "or larceny of any goods or chattels." The words of the section, except as to public certificates, are copied from the law of September 1786, and the particular choses in action, in which robbery or larceny may be committed, are all enumerated in the plural number.

No rule of law is better established than that penal statutes shall be construed strictly. They shall not be carried beyond their letter. The statute of 1 Edw. 6, c. 12 (2 Ruff. Stat. 395), *took away clergy from those convicted of stealing horses; but the judges held that this did not extend to him that stole but one horse. 1 Bla. Com. 88. This defect was remedied by stat. 2 and 3 Edw. 6, c. 33 (2 Ruff. Stat. 426), in the preamble whereof it is stated that "it had been ambigu- "ous and doubtful upon the words of the former act, whether a "person found guilty of stealing one horse, gelding or mare "should be admitted to his clergy," &c.

This is a strong legislative exposition of the doctrine we contend for. And it is settled law that the party indicted must be brought within the letter of the statute. 2 H. H. P. C. 344.

Hassel's case in Leach Cro. Cas. 1, will be objected to us. There it was held that it was felony to steal one single bank note under stat. 2 Geo. 2, c. 25, § 3, though the several species of property are described therein in the plural number. The grounds of the adjudication are not expressed in the report, though the arguments on both sides are detailed. Sir Philip Yorke, attorney general, contended for the extension of the statute to a single bank note on account of the special wording of it. It enacts that "whoever shall steal any bank notes, &c., "shall be guilty of felony, &c., notwithstanding any of these "particulars, may be termed in law a chose in action." This showed that the legislature intended that the stealing of a chose in action, which one single bank note is, should be made felony. A late ingenious editor of the crown law gives the same reason. 2 East's Cro. Law, 598. The decision then must have been grounded on the word any, which, according to Johnson's dictionary, is the opposite of none.

Such an argument cannot be collected from the expressions in the act under consideration. The 5th section contains two distinct members, the one describing the offence, the other enacting the punishment; and this can have no other effect on

the preceding part of the sentence than if a punishment of such offences, different from common robbery or larceny, had been inflicted. The plural description holds throughout; and no instance can be shewn where an offence thus described in a statute has been punished in the singular, without other words shewing the plain intention of the legislature. By the statute of 22 and 23 Car. 2, c. 7, it is made felony to burn any ricks or stacks of corn, &c., in the night time; the burning of one rick would be felony, because of the word any, which is the converse of none. By the statute of 10 Geo. 3, c. 18, if any person shall steal any dog or dogs of any kind or sort whatsoever, he shall, upon conviction, forfeit any sum not exceeding 30l. nor less than 20l., or be committed to the common gaol, &c. Notwithstanding the generality of these words, it is doubtful whether upon *this act, it is penal to steal a bitch. 1 Burn's Just. 497, [*71 (14th edit.) The learned author asserts this not to be a mere cavil, and assigns this plain reason. What a man has a right to, (as his life, liberty or estate,) by a clear and undoubted law, shall not be taken from him by a law less clear and certain.

So by the stat. of 10 and 11 Will. 3, c. 23, stealing any goods, wares or merchandizes by night or by day, in any shop, warehouse, coach-house or stable, to the value of 5s., is punishable with death. And yet it has been held, that the word warehouse, in the statute, is meant not a mere repository for goods, but such places where traders keep their goods for sale, in the nature of shops, and whither customers go to view them. Fost. 77. And money is not included under the words any goods, wares or merchandizes, though part of it consisted in Portugal money, not made current by proclamation, but commonly current. Fost. 79.

The criminal law of England, is peculiarly benevolent. A slight variance in point of description of an article stolen, will defeat an indictment. Thus, where one was indicted for stealing a cow, and it appeared on evidence to have been a heifer, which had no calf, the party was acquitted; because she was not such as was described in the indictment. 2 East Cro. Law 615.

*E contra*, it was admitted by the counsel for the state, to be generally true, that penal statutes should be construed strictly, yet even in the construction of these, the intention of the legislators ought to be regarded. 4 Bac. Ab. 651. And many cases of this kind are to be found in the books. 3 Co. 7. Plowd. 86. Cro. Car. 71. 11 Co. 34, 35. It is obvious that all statutes should be construed reasonably, according to the plain rules of common sense.

What can be more correct, than the expressions of the attorney general in Hassel's case? "It would be a most unreasonable construction to say, that the legislature intended to make it felony to steal two notes of 5l. each, and yet that it should not be felony to steal one note of 10,000l." The application of the remark to the law under consideration is very familiar.

Lord HALE was of opinion, that the scruple of the judges did not merely depend upon the words of the statute of 1 Edw. 6. c. 12, being in the plural number, but on the particular penning of 37 Hen. 8. c. 8, in the singular number, the words being "if any man do steal any horse, mare, or filly," &c.   The stat. of 1 Edw. 6. c. 12, varying the number, and at the same time repealing all other exclusions of clergy introduced since the beginning of *Hen. 8, it raised a doubt whether it were not intended to *72]   restore clergy, where only one horse was stolen.   He asserts, that no doubt had ever occurred respecting former statutes, in the plural number ; as for instance, it was enacted by 32 Hen. 8. c.1, that no person convicted of burning any dwelling houses, should be admitted to clergy.   2 H. H. P. C. 365.

The reasons of the judgment in Hassel's case are not given : they may have been founded on a reasonable construction of the statute of 2 Geo. 2. c. 25, as contended for by the counsel for the crown.

Much stress has been laid on the word any, in decyphering the true meaning of that act, and of the 22 and 23 Car. 2. c. 7.   But that word is incorporated in the 7th section of the penal law, which declares that robbery or larceny of obligations, promissory notes, &c. shall "be punished in the same manner as robbery or "larceny of any goods or chattels."   It is of no moment in what member of the sentence the word is placed ; its effect must be correspondent to the design of the law makers, if it be clearly expressed ; it must be so read, as to make the whole passage consistent.   It is declared, that the punishment for stealing promissory notes, shall be the same as of any goods and chattels.   A certain penalty is to be inflicted for the stealing of any specific article, as a watch, a piece of gold, &c., and it would be a plain violation of the words as well as intention of the act, to assert, that the stealing of one note would not be subject to the same penalty.   The latter clause of the section meets the remark of East, in the passage cited from his 2d vol. of the crown law 598, that the stealing of one bank note is within the statute of 2 Geo. 2. c. 25, "particularly on account of the words which follow, not- "withstanding any of these particulars may be termed in law a chose in action."   The closing expressions in each of the sections renders the intention of the legislature clear and apparent.

We may justly plume ourselves in the reflection, that the criminal code of this state is singularly mild, and that punishments are duly proportioned to offences.   But an overweaning refinement, studious of verbal niceties and critical difficulties, and tending to impair the energy of the laws, will not meet with favour in our courts of justice.   Most of the authorities cited from the English books, respect capital cases, in which the judges have been uniformly tender and humane : but they will not depart from the plain elements of common sense.   It is provided by the statute of 9 Geo. 1. c. 22, that if any person shall unlawfully and maliciously kill, maim, or wound, any cattle, he shall be guilty of fel-

[Respublica *v.* Cleaver et al.]

ony, without the benefit of clergy.   A mare and colt have been held to be cattle, within this statute, which is commonly called the *Black Act.   2 Bla. Rep. 721.   Horse stealing extends to a foal or filly.   East Cro. Law 615.   *Vide* Ib. 609, 610.   [*73

By the Court.   We feel ourselves bound to construe every law, according to the true intention of the legislature, to be collected from the words of the act itself; and are disposed to construe penal laws strictly, and not extend them beyond their letter.   On principles of common safety to the community, as well as individuals, we must be governed by former precedents, unless they evidently clash with our perceptions of right and wrong.   Bonds, bills, notes, and other securities which concern mere choses in action, were not subjects of larceny at common law, being of no intrinsic value, and not importing any property in possession of the person from whom they were taken.

The law in this particular is changed by the provisions of the 5th section of the penal law, enacted on the 5th April 1790. The descriptive parts of this offence are larceny of promissory notes for the payment of money in the plural number.   The first adjective *any*, clearly relates to certificates of any of the United States.   The subsequent words are, "shall be punished "in the same manner, as larceny of any goods or chattels."   It has been contended, that the second member of the sentence refers merely to the punishment, and cannot amplify the preceding descriptive words.   But we are not at liberty to reject the term *any*; we are bound to give it a reasonable construction. When the law prescribes the punishment to be in the same manner as larceny of any goods or chattels, is it not necessarily implied, that as larceny of any individual specific article is punishable, so is larceny of a single note?   May it not be said correctly, and without violence to the words, that as the stealing of one horse, cow, or silver spoon is larceny, so also is the stealing of one bond, or promissory note, and punishable in like manner?

We would be equally cautious of not relaxing wholesome positive laws, calculated for the good of society, and of carrying penal laws beyond their letter; and whatever our private sentiments may be of the intention of the legislature, we must be governed by their expressions contained in the law itself.

To make the most of the objection, it is but dubious.   It is in the discretion of the court, whether they will quash any indictment whatever, upon motion.   1 Wils. 325.  S. C. Sayer 27. The defendants may demur to it, if so advised; where the crime is of an enormous or public nature, it is usual to put the parties accused to their plea or demurrer.   2 Hawk. c. 25. § 146.   Vid. Say. 158. 161.   2 Burr. 1127.   4 Burr. 2116.   It does not comport with our ideas of justice or sound discretion to interpose in *the summary manner prayed for in the present instance. Without anticipating the opinions we may hereafter form   [*74 on the legal question, should it become necessary, it is sufficient

[Barnet's Administrators *v.* Yohe.]

for us to say, that this is not so clear a case, as would warrant us in quashing the indictment.

We therefore deny the motion. Let the defendants eithei demur or plead : should the trials proceed and verdicts be found against them, we can keep the matter under advisement, until we can consult our brothers in bank, and form a satisfactory opinion on the subject. The code of criminal justice should remain fixed and certain on the most solid grounds.

The defendants were arraigned and pleaded *non cul.*

On the trial it appeared, that the paper charged to be stolen, was a single bill under seal, and the defendants were acquitted by reason of the variance, without any address to the jury.

But the court on motion of the prosecutor, obliged the defend ants to enter into recognizances with sufficient sureties, to ap- pear at the next Court of Quarter Sessions of the peace, to answer a new indictment.

Messrs. J. Ross and Evans, *pro repub.*
Messrs. Sitgreaves and Hopkins, *pro def.*

In Commonwealth *v.* Messinger, 1 Binn. 273, it was held that an indictment lies under the act of 1790, for stealing one bill obligatory.